# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5609 | **DATE** | 11/9/2011 |
| **CASE TITLE** | Matrix IV, Inc. vs. Martha J. Williams, et al. | | |

**DOCKET ENTRY TEXT**

Bailes and DePaul's Motion for Judgment on the Pleadings [111] and Williams' Motion for Judgment on the Pleadings [119] are granted. Counts I-III are dismissed.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On August 7, 2002, Plaintiff Matrix IV, Inc. ("Plaintiff") initiated this case against the corporate owners of Gateway Park LLC ("Gateway"), individual defendants Martha J. Williams, William G. Bailes, and Michael DePaul (collectively, "Defendants"). On February 23, 2005, Plaintiff filed its Second Amended Complaint, alleging theories under Racketeer Influenced and Corrupt Organizations Act ("RICO") (Counts I-II), common law fraudulent misrepresentation and concealment (Count III), and breach of personal guarantee (Count IV). Before the Court are Defendants' motions for judgment on the pleadings as to Counts I-III. For the following reasons, the motions are granted.

Plaintiff contends that Defendants participated in a scheme perpetrated by Stylemaster to fraudulently induce Plaintiff to produce goods for which Stylemaster had no intention to pay, so that Stylemaster could build up its inventory, and then its successor company, J.R. Plastics, LLC, could purchase inventory at firesale prices during Stylemaster's bankruptcy proceedings. Plaintiff and American National Bank and Trust Company of Chicago ("ANB") participated as creditors in the bankruptcy proceeding and were parties to the lien-priority adversary proceeding within the bankruptcy. Gateway was effectively a party as well based on the identity of its ownership with that of Stylemaster and J.R. Plastics. Plaintiff asserted and fully litigated allegations of fraud during the bankruptcy proceedings.

On March 24, 2006, Plaintiff filed another lawsuit to attempt to recover from corporate defendants ANB and Gateway under the same factual allegations and legal theories of fraud and RICO. On October 15, 2008, the Court concluded that Plaintiff's claims in its case against ANB and Gateway were barred by the doctrines of res judicata and collateral estoppel and granted ANB's motion for judgment on the pleadings and Gateway's motion to amend the Court's March 14, 2008 Order. Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi., No. 06 C 1661, 2008 WL 4643783, at *14 (N.D. Ill. Oct. 15, 2008). On July 28, 2011, in an extensive and well-reasoned opinion, the Seventh Circuit affirmed this decision on the narrower ground of collateral estoppel—issue preclusion—holding that the lawsuit is blocked in its entirety. Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi., 649 F.3d 539, 542, 547-52 (7th Cir. 2011).

Defendants argue that the Seventh Circuit's opinion applies with equal force to the instant matter and Plaintiff is therefore collaterally estopped from relitigating the same issues here. The Court agrees. In <u>ANB</u>, the Seventh Circuit thoroughly discussed the factual background and procedural history of the case, 649 F.3d at 542-47, which need not be repeated here. "For collateral estoppel to apply, '(1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action.'" <u>Id.</u> at 547 (quoting <u>H–D Mich., Inc. v. Top Quality Serv., Inc.</u>, 496 F.3d 755, 760 (7th Cir. 2007)). The Seventh Circuit found: "the fraud allegations at issue in this case are the same as those that were *actually litigated* in the § 363 hearing and in the lien-priority adversary proceeding. The bankruptcy court was required to and did address them before entering its orders in those proceedings. Finally, Matrix was fully represented in the bankruptcy proceedings." <u>Id.</u> at 552. Further, the court stated, "Matrix's fraud allegations failed at all levels of the bankruptcy proceeding—in the bankruptcy court, the district court, and on appeal in our court. Matrix has now repackaged those failed allegations into this RICO and common-law fraud action." <u>Id.</u> at 542. Because the court determined that the elements of collateral estoppel "have plainly been satisfied," it affirmed this Court's order of dismissal. <u>Id.</u> at 552.

The RICO and common-law fraud issues alleged in the <u>ANB</u> case are the same as the issues alleged here. The same reasoning and ruling in the <u>ANB</u> case therefore applies to this case. Thus, Counts I-III are barred by collateral estoppel. Because a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss, <u>Pisciotta v. Old Nat'l Bancorp</u>, 499 F.3d 629, 633 (7th Cir. 2007), and because Defendants raised collateral estoppel as an affirmative defense and it is clear from the face of the complaint and from matters of which the Court can take judicial notice that Plaintiff's claim fails as a matter of law, dismissal of Counts I-III is appropriate, <u>see</u> <u>Gann v. William Timblin Transit, Inc.</u>, 522 F. Supp. 2d 1021, 1026 (N.D. Ill. 2007). Accordingly, Defendants' motions for judgement on the pleadings are granted.

IT IS SO ORDERED.

FILED
2011 NOV -9 PM 4: 12
CLERK
U.S. DISTRICT COURT