# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5609 | **DATE** | 5/18/2012 |
| **CASE TITLE** | Matrix IV, Inc. vs. Martha J. Williams, et al. | | |

**DOCKET ENTRY TEXT**

Defendants William G. Bailes and Michael DePaul's Motion for Sanctions [139] is granted in part and denied in part. Defendants shall submit a proposed order limited solely to their attorney's fees and costs incurred as a result of Matrix's continued prosecution of its fraud claims following the Seventh Circuit's opinion in Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi., 649 F.3d 539 (7th Cir. 2011).

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Defendants William G. Bailes and Michael DePaul's (collectively, "Defendants") Motion for Sanctions. For the following reasons, the motion is granted in part and denied in part.

The Court presumes familiarity with the complicated and protracted history of this case, and companion case, Matrix IV, Inc. v. American National Bank & Trust Co. of Chicago, No. 06 C 1661 (N.D. Ill. filed Mar. 24, 2006). As relevant here, on July 28, 2011, the Seventh Circuit issued an extensive and well-reasoned opinion in the companion case, holding that because "the elements of collateral estoppel have plainly been satisfied," Matrix IV, Inc. ("Matrix") is blocked in its entirety from relitigating the same issues of fraud that were actually litigated (and lost) in the Stylemaster bankruptcy proceedings. Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi., 649 F.3d 539, 542, 547-52 (7th Cir. 2011). Additionally, the court determined that sanctions were properly denied. Id. at 553 ("[W]e have little trouble agreeing with the district court that sanctions are unwarranted. The district court remarked that 'it was not so clear cut that res judicata and collateral estoppel applied as to RICO and fraudulent concealment.' We add only that . . . . [w]hen the Barnett complication is added to the equation, Matrix had a colorable argument that its RICO claim was not barred by the judgments in the bankruptcy proceedings.").

On August 10, 2012, Defendants filed a motion for leave to file additional authority and for a ruling on their motion for judgment on the pleadings, which was granted. Rather than concede defeat based upon the Seventh Circuit's ruling in the companion case, Matrix returned to the bramble bush, attempting to rehash the issue of res judicata. On November 9, 2011, the Court granted Defendants' motion for judgment on the pleadings and dismissed the RICO and common-law fraud claims. Minute Order, Nov. 9, 2011. The Court determined that the fraud issues alleged in this case are the same as those alleged in the companion case and, so too, are barred by collateral estoppel. Id.

Defendants, like the corporate defendants in the companion case, now argue that sanctions should be imposed against Matrix and its attorneys. Defendants seek $117,306.85 in attorney's fees and $1,506.11 in costs incurred in defending Matrix's claims since 2002. To the extent that Defendants seek Rule 11 sanctions

against Matrix for filing a duplicative, issue-precluded suit, see Copeland v. Tom's Foods, Inc., 456 F. App'x 592, 595 (7th Cir. 2012), the motion is denied. The Court determined that Rule 11 sanctions were unwarranted in the companion case, as the claims were neither frivolous nor designed to harass or abuse, which was affirmed on appeal. So too here.

That does not end the matter, however. Defendants also argue that "[i]f Matrix did not know before the appeal, the Seventh Circuit certainly made it clear in the [companion case] appellate opinion that . . . Matrix is collaterally estopped from relitigating the very same issues here." Mem. in Supp. of Mot. for Sanctions 7 (internal quotation marks and citation omitted). Matrix fails to respond to this argument. Matrix concedes that the fraud claims in this case are "virtually identical" to those in the companion case, but nonetheless returns yet again to the issue of res judicata. In support of this irrelevant res judicata argument, Matrix argues that Stern v. Marshall, 131 S. Ct. 2594 (2011), would control any resolution of the conflict in circuit caselaw between In re Met-L-Wood Corp., 861 F.3d 1012 (7th Cir. 1988), and Barnett v. Stern, 909 F.2d 973 (7th Cir. 1990). Matrix incorrectly asserts that the Seventh Circuit declined to resolve the conflict because "the parties had not briefed Stern." Matrix's Mem. in Supp. of its Resp. & Objection to Defs.' Mot. for Sanctions 7. The Seventh Circuit expressly declined to resolve this issue because it made no difference to the outcome of the case. Am. Nat'l Bank & Trust Co. of Chi., 649 F.3d at 551 ("Because a narrower ground exists on which to resolve this case, we leave the resolution of the conflict for another day."). The court made clear that "Barnett does not apply to collateral estoppel, and here the elements of collateral estoppel have plainly been satisfied." Id. at 552.

Defendants contend that following the Seventh Circuit's decision, "Matrix never raised, or even attempted to raise, a meritorious argument in opposition to Mr. Bailes and Mr. DePaul's contention that collateral estoppel barred Matrix's same fraud claims against Mr. Bailes and Mr. DePaul." Reply Mem. in Supp. of Their Mot. for Sanctions 7. The Court agrees. "Although Rule 11 does not require litigants to surrender in the face of defeat," Samuels v. Wilder, 906 F.2d 272, 275 (7th Cir. 1990), the Seventh Circuit has interpreted 28 U.S.C. § 1927 as the appropriate source of authority "to impose a continuing duty upon attorneys to dismiss claims that are no longer viable," Jolly Group, Ltd. v. Medline Indus., Inc., 435 F.3d 717, 720 (7th Cir. 2006) (internal quotation marks and citation omitted); see also Hess v. Reg-Ellen Mach. Tool Corp., 367 F. App'x 687, 691 (7th Cir. 2010).

Under § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927; see also Riddle & Assocs., P.C. v. Kelly, 414 F.3d 832, 835 (7th Cir. 2005). "Pressing a claim even after its emptiness became pellucid must be described as vexatious." Nisenbaum v. Milwaukee Cnty., 333 F.3d 804, 809 (7th Cir. 2003). While Defendants do not specifically mention § 1927 in the instant motion for sanctions, the potentially sanctionable conduct identified in the motion readily relates to § 1927. As such, the Court construes this aspect of the motion under this section. Because Matrix's attorneys pursued an objectively unreasonable and vexatious course by proceeding with this litigation despite the Seventh's Circuit's ruling in the companion case, rendering the fraud claims here untenable, the Court imposes sanctions against Matrix's attorneys pursuant to § 1927. Defendants shall submit a proposed order limited solely to their attorney's fees and costs incurred as a result of Matrix's unreasonable and vexatious continued prosecution of these claims.

IT IS SO ORDERED.